UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK LAMONT BYRD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1060 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

The matter is before the Court on Movant Mark Lamont Byrd's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 1), filed May 30, 2007. The matter is fully briefed and ready for a decision.

**BACKGROUND**

On January 12, 2006, Movant was charged by indictment with the following counts: (I) Possession with Intent to Distribute Cocaine Base in excess of five grams, in violation of 21 U.S.C. § 841(a)(1); (II) Possession of a Firearm During the Commission of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and (III) Possession with Intent to Distribute Cocaine Base in excess of fifty grams, in violation of 21 U.S.C. § 841(a)(1). (4:06-CR-19 (JCH) ("Criminal Case"), Indictment, Doc. No. 12). On February 28, 2006, Movant pleaded guilty to all three counts. (Criminal Case, Guilty Plea, Doc. No. 27). On May 22, 2006, the Court sentenced him to a total of 180 months. (Criminal Case, Judgment, Doc. No. 33). The sentence consisted of concurrent sentences of 120 months each on Counts I and III as well as a 60 month sentence on Count II to be served consecutively to the term imposed in Counts I and III. (Id.). Movant did not file a direct appeal.

Movant filed his § 2255 Motion on May 30, 2007. In his § 2255 Motion, Movant alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment, in that his counsel:

1. failed to file a motion to suppress evidence found in his vehicle and on his person because of counsel's inadequate investigation;

2. failed to argue at sentencing that he did not possess a firearm for the purpose of facilitating a drug transaction;

3. failed to contest any of the facts stipulated in the Plea Agreement, despite Movant's desire to dispute them; and

4. failed to argue at his sentencing that the two level enhancement for use of a firearm during a drug trafficking crime was improper.

(§ 2255 Motion, Doc. No. 1 at pp. 5-8). The Government filed its Response on August 27, 2007. (Resp., Doc. No. 4). Movant filed his Reply on October 29, 2007. (Reply, Doc. No. 7).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus,

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (Citation omitted).

## DISCUSSION

### I. Standard For Claim Of Ineffective Assistance Of Counsel

In order to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### II. Claim One

In Claim One, Movant alleges that he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress the evidence seized from his vehicle. The Government responds that Movant's motion to suppress would not have succeeded. Here, whether Movant received ineffective assistance of counsel hinges on whether his motion to suppress would have been successful. As such, the Court must examine the circumstances surrounding his arrest. A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause. Amrine v. Brooks, 522 F.3d 823, 832 (8th Cir. 2008). An officer has probable cause to make a warrantless arrest "when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." United States v. Davidson, 527 F.3d 703, 706 (8th Cir. 2008). When reviewing whether probable cause exists, the Court looks at the "totality of the circumstances, giving due weight to the inferences police officers could draw from their general experiences." United States v. Sherrill, 27 F.3d 344, 347 (8th Cir. 1994).

When an arrest is based on information supplied by an informant, that information "may be sufficiently reliable if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." United States v. Taylor, 519 F.3d 832, 834 (8th Cir. 2008) (quoting United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)). Additionally, the police's knowledge of a defendant's prior drug trafficking activities is relevant to the question of whether probable cause existed. See United States v. Valle Cruz, 452 F.3d 698, 703-04 (8th Cir. 2006).

The circumstances surrounding Movant's arrest are as follows. In late December 2005, the police received a tip from Confidential Informant Two[2] stating that Movant was selling crack cocaine

---

[2]The Court refers to the confidential informants in the same manner as they are referred to in the discovery materials. (Supp. Resp., Doc. No. 11).

from his apartment. (Wolff Aff. in Supp. of Search Warrant, Doc. No. 11). The informant also stated that Movant, who drives a Zips mail delivery van, sometimes delivered drugs while at work. (Id.). In the past, information from this informant resulted in six arrests as well as the seizure of illegal drugs and weapons. (Id.).

This information was consistent with a prior investigation of Movant that took place in late November 2005. There, the police used Confidential Informant One to buy crack cocaine from Movant. (Police Report, Doc. No. 11). At that time, the police also observed Movant drive to a location in his Zips van and enter the location with a knotted shopping bag. (Id.). After making this observation, the police learned from the informant that Movant used his van to deliver drugs. (Id.).

On January 2, 2006, the police, acting on a tip from Confidential Informant Two that Movant was selling drugs from his residence, observed Movant's residence for one hour. (Wolff Aff.). There, they saw numerous individuals arrive at his residence and stay for less than five minutes. (Id.). The next day, the informant informed the police that he had been inside Movant's residence in the last twenty-four hours and had seen crack cocaine being sold. (Id.). Based on this information, the police obtained a warrant to search Movant's apartment.

On January 3, 2006, Confidential Informant One told the police that Movant would be delivering crack cocaine to the 4400 block of Pennsylvania. (Police Report). Shortly after arriving at 4401 Pennsylvania, the police saw a Zips van arrive. As they approached the van, the police saw Movant place a gun underneath the seat. (Id.). A search incident to arrest found a bag of crack cocaine hidden in his sock. The police then executed their search warrant and found more crack cocaine and weapons at Movant's residence. (Id.).

Upon consideration, the totality of the circumstances shows that the police had probable cause to arrest Movant without a warrant. The police observed drug trafficking activity outside of his

residence and knew of his prior drug trafficking activities. Valle Cruz, 452 F.3d at 703-04 (knowledge of prior drug activity relevant to probable cause determination). Confidential Informant One, who had provided reliable information in the past, informed the police that Movant used his Zips van to deliver drugs. Taylor, 519 F.3d at 834 (holding information from reliable confidential informant can support probable cause). The tip that Movant would be delivering drugs to the 4400 block of Pennsylvania was substantially corroborated when the police observed Movant travel to the 4400 block of Pennsylvania and exit his car. See Sherrill, 27 F.3d at 347 (holding probable cause exists when police substantially corroborate an informant's tip through independent investigation). Additionally, the Eighth Circuit has held that probable cause existed in an almost identical circumstance. See id.; see also United States v. Powell, 39 F.3d 894, 895-96 (8th Cir. 1994).

Because the police had probable cause to arrest Movant, his ineffective assistance of counsel claim fails. First, counsel's performance is not deficient for failing to file a meritless motion. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992). Similarly, he cannot show prejudice because there is no reasonable probability that filing a motion to suppress would have caused the result of the proceedings to be different. Strickland, 466 U.S. at 694. Claim One is denied.

### III.     Claim Two and Claim Three

In Claim Three, Movant alleges that he received ineffective assistance of counsel because his counsel failed to challenge the factual stipulation in his Plea Agreement. In Claim Two, Movant alleges that he received ineffective assistance of counsel because his counsel failed to argue at sentencing that he did not possess a weapon for the purpose of facilitating a drug transaction. The Government responds that both claims fail because Movant pleaded guilty to the stipulated facts, meaning he cannot challenge them on appeal unless he can show that his plea was neither counseled nor voluntary.

To be bound by the provisions of a plea agreement, the decision to enter the agreement must have been knowingly and voluntarily made. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). A plea agreement is not voluntarily made if the defendant receives ineffective assistance of counsel. Id. at 924 (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). Although a guilty plea in open court is not impervious to collateral attack, the rule is that "a defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Pennington v. United States, 374 F. Supp. 2d 813, 815 (E.D. Mo. 2005). Thus, Movant has a heavy burden to overcome his admissions at the plea hearing and show that his plea was involuntary. Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

At his Plea Hearing, Movant stated that he was pleading guilty of his "own free will." (Criminal Case, Plea Hr'g Tr., Doc. No. 37 at p. 7). He agreed with the stipulation of facts, which stated:

> On January 3rd, 2006, the officers stopped a vehicle being operated by the Defendant. A search of the vehicle revealed a loaded .32 caliber Smith & Wesson revolver. The officers seized the revolver, arrested the Defendant. A search of the Defendant revealed 25.27 grams of cocaine base, otherwise known as crack, in the sock of the Defendant.

(Id. at pp. 14-15). His Plea Agreement contained a similar factual stipulation. (Criminal Case, Plea Agreement, Doc. No. 28 at ¶ 4). At his Plea Hearing, Movant also testified that he was "satisfied" with the representation he received from his counsel and had no "complaints whatsoever" about counsel's representation. (Criminal Case, Plea Hearing Tr., Doc. No. 37 at p. 5). In his Plea Agreement, which he admitted freely signing (Id. at p. 7), Movant stipulated that he:

> is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explained all areas which the defendant has requested relative to the government's case and any defenses.

(Criminal Case, Plea Agreement, Doc. No. 28 at ¶ 8). Movant has not come forward with anything more than conclusory statements to support his allegations. Such allegations are not enough to overcome the heavy burden of showing his plea was not voluntarily made. Nguyen, 114 F.3d at 703. As such, the Court finds that Movant's plea was voluntarily made.

Upon consideration, Movant's counsel was not ineffective for failing to challenge the factual stipulation because any challenge would have been pointless due to Movant's agreement to the factual stipulation at his Plea Hearing. Thomas, 951 F.2d at 904. Similarly, Movant cannot show ineffective assistance of counsel at his sentencing because Movant admitted at his Plea Hearing that he possessed a gun while possessing a substantial amount of cocaine base. See United States v. Johnson, 474 F.3d 1044, 1051 (8th Cir. 2007) (noting that defendant can be convicted of possessing a firearm in furtherance of a drug trafficking crime where evidence is sufficient to show that he knowingly possessed a firearm and possessed cocaine base with an intent to distribute it). As such, any challenge by counsel would have been meritless. Thomas, 951 F.2d at 904. Accordingly, Claims Two and Three are denied.

## IV. Claim Four

In Claim Four, Movant alleges that he received ineffective assistance of counsel when his counsel failed to object to the two-level sentence enhancement, imposed by the Court pursuant to U.S.S.G. § 2D1.1(b)(1), because there was no evidence that he had the weapon on his person at the time of his arrest. The Government responds that Movant cannot show prejudice.

Movant's offense level was calculated using U.S.S.G. § 2D1.1 (2005 ed.), which set the offense level for the crime of possession with intent to distribute at 36 due to the amount of crack Movant possessed. U.S.S.G. § 2D1.1(a)(3), (c). Section 2D1.1(b)(1) does contain a two-level enhancement for possession of a dangerous weapon, but Movant's Presentence Investigation Report

("PSR") does not list this enhancement. (Criminal Case, PSR, Doc. No. 34 at p. 4). Rather, his base offense level of 36 was reduced to 33 due to his acceptance of responsibility. (Id.). The Court adopted this recommended base offense level. (Criminal Case, Sentencing Tr., Doc. No. 36 at pp. 2-3). Based on this offense level, as well as Movant's criminal history, the PSR recommended a sentence ranging from 135 to 168 months to be served consecutively with the sixty month sentence required by Count II. (PSR at p. 10). At sentencing, however, the Court decided to give Movant the statutory minimum sentence, which was 120 months to be served consecutively to sixty months. (Criminal Case, Sentencing Transcript at pp. 2-3); see also 18 U.S.C. § 924 ; 21 U.S.C. § 841(a)(1)(A)(iii) (setting minimum sentence of ten years).

As previously stated, Movant may only prevail on a claim for ineffective assistance of counsel if he can show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 694. Upon consideration, Movant cannot show prejudice for two reasons. First, a two-level enhancement was never applied to his sentence. Secondly, any enhancement of his offense level did not affect his sentence because the Court varied his sentence to the statutory minimum, which is the lowest possible sentence he could receive for his violation of 21 U.S.C. § 841(a)(1). As such, Claim Four is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDER** that Movant's Motion to Vacate, Set Aside, or correct Sentence under 28 U.S.C.§2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).


Dated this 1st day of July, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE